FILED

2010 Feb-17  PM 12:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| DARYL SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | **Removed from the Small Claims** |
| ACCOUNTS RECEIVABLE | ) | **Court of Tuscaloosa County,** |
| MANAGEMENT, INC., | ) | **Alabama** |
| | ) | **SM-2010-900104.00** |
| Defendant. | ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant Accounts Receivable Management, Inc. ("ARM" or "Defendant") and files this Notice of Removal, removing this cause of action from the Small Claims Court of Tuscaloosa County, Alabama, where it is now pending, to the United States District Court for the Northern District of Alabama, Western Division. Such removal is expressly subject to, and Defendant expressly reserves and does not waive, any and all responses, defenses, and affirmative defenses to Plaintiff Daryl Spencer's Complaint. As grounds for removal, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant states as follows:

1.      On February 1, 2010, Plaintiff Daryl Spencer ("Plaintiff") filed this action against ARM in the Small Claims Court of Tuscaloosa County, Alabama, as

Civil Action Number SM-2010-900104.00.  Copies of all process, pleadings, and orders served in this action are attached hereto as Exhibit A.

2.      As shown by the records of the District Court Clerk of Tuscaloosa County, Alabama, the original Complaint was served on ARM on February 3, 2010.

3.      This Notice of Removal has been timely filed under 28 U.S.C. § 1446(b) within thirty days of receipt of the initial pleading setting forth the claims for relief. A copy of this Notice is being filed with the Small Claims Court Clerk of Tuscaloosa County, Alabama, as required by law.

4.      Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) and 28 U.S.C. § 81(a)(3) because this district and division embrace the Small Claims Court for Tuscaloosa County, Alabama, the forum in which the removed action was pending.

**FEDERAL QUESTION JURISDICTION**

5.      Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. ARM is a debt collector within the meaning of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o ("the FDCPA"). In the Complaint, Plaintiff alleges that this action arises out of Defendants' violations

2

of the FDCPA.[1]  (Compl. ¶ 3.)  Plaintiff asserts a claim for relief against Franklin arising under the FDCPA.  (Compl. ¶¶ 18-48.)  Thus, this Court has original subject-matter jurisdiction over the above-styled action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. 1692k(d).

WHEREFORE, PREMISES CONSIDERED, Defendant Accounts Receivable Management, Inc. prays that further proceedings in the Small Claims Court of Tuscaloosa County, Alabama, be discontinued and that this suit be removed to the United States District Court for the Northern District of Alabama, Western Division.

Respectfully submitted,

John W. Scott
Brent G. Grainger
Attorneys for Defendant,
Accounts Receivable Management,
Inc.

**Of Counsel:**
SCOTT DUKES & GEISLER, P.C.
2100 Third Avenue North
Suite 700
Birmingham, Alabama  35203
Ph:  (205) 251-2300
Fax: (205) 251-6773

---

[1]  The FDCPA provides that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States District Court without regard to the amount in controversy. . . ."  15 U.S.C. § 1692k(d).  Actions brought in state court under the FDCPA are removable to the appropriate federal district court.  *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1263-65 (11th Cir. 1998).

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all parties by placing a copy of same in the United States mail, first class postage prepaid and addressed as follows:

> Brandon L. Blankenship, Esq.
> Christopher S. Linton, Esq.
> Meredith L. Phillips, Esq.
> Blankenship, Harrelson & Linton, LLC
> 2001 Park Place North, Suite 825
> Birmingham, Alabama 35203

Done this the 17th day of February, 2010.

_____
Of Counsel

51359.1

4

# Exhibit A

| State of Alabama<br>Unified Judicial System<br><br>Form SM-1 (front)   Rev.3/95 | STATEMENT OF CLAIM<br>(Complaint)<br>General | Cas<br>63-  ELECTRONICALLY FILED<br>2/1/2010 12:47 PM<br>SM-2010-900104.00<br>DISTRICT COURT OF<br>TUSCALOOSA COUNTY, ALABAMA<br>ELIZABETH HAMNER, CLERK |

IN THE SMALL CLAIMS COURT OF      TUSCALOOSA

*(Name of County)*

DARYL SPENCER

**Plaintiff**

v.   ACCOUNTS RECEIVABLE MANAGEMENT, INC.

**Defendant**

Plaintiff's
Home Address

DARYL SPENCER
15049 FAIRHAVEN DRIVE
FOSTERS, AL 35463

Defendant's
Home Address

ACCOUNTS RECEIVABLE MANAGEMENT, INC.
C/O THE CORPORATION CO.
2000 INTERSATE PARK DRIVE, STE 204
MONTGOMERY, AL 36109

Plaintiff's Attorney's
Address

MEREDITH LACKEY PHILLIPS MRS.
2001 PARK PLACE N., STE. 825
BIRMINGHAM, AL 35203

### NOTICE TO EACH DEFENDANT – READ CAREFULLY

YOU ARE BEING SUED IN THE SMALL CLAIMS COURT BY THE PLAINTIFF(S) SHOWN ABOVE. THE JUDGE HAS NOT YET MADE ANY DECISION IN THIS CASE, AND YOU HAVE THE RIGHT TO A TRIAL TO TELL YOUR SIDE.

HOWEVER, IF YOU, OR YOUR LAWYER, FAIL TO FILL OUT THE ENCLOSED ANSWER FORM AND DELIVER OR MAIL IT TO THE CLERK AT THE ADDRESS SHOWN BELOW, SO THAT IT WILL GET TO THE CLERK'S OFFICE WITHIN FOURTEEN (14) DAYS AFTER YOU RECEIVE THESE PAPERS, A JUDGMENT CAN BE TAKEN AGAINST YOU FOR THE MONEY OR PROPERTY DEMANDED IN THE FOLLOWING COMPLAINT, ONCE A JUDGMENT HAS BEEN ENTERED AGAINST YOU, YOUR PAYCHECK CAN BE GARNISHED AND/OR YOUR HOME OR PROPERTY SOLD TO SATISFY THAT JUDGMENT.

### COMPLAINT

1. I claim the defendant owes the plaintiff the sum of $___1000.00___ because:

   Violations of the FDCPA

2. Plaintiff also claims from the defendant court costs in the sum of $___119.00___ (see note below, plus $_____ for interest and $___2000.00___ for lawyers' fees (only if plaintiff is represented by a licensed, practicing attorney and if the contract or note you signed so provides.)

NOTE: The total amount of court costs may be more than this amount when the case is finally settled. The clerk will inform you of any additional costs at the close of the case.

**CLERK'S ADDRESS:**

ELIZABETH HAMNER
POST OFFICE BOX 2883

TUSCALOOSA, AL 35403

Clerk's Phone No. 205-349-3870

/s MEREDITH LACKEY PHILLIPS MRS.
Plaintiff or Plaintiff's Attorney (Signature)

Attorney Code __PHI066__

(205) 912-8241
Plaintiff or Plaintiff's Attorney's Phone Number

Date of Filing__02/01/2010__

*(See instructions on the Back)*

ELECTRONICALLY FILED
2/1/2010 12:47 PM
SM-2010-900104.00
DISTRICT COURT OF
TUSCALOOSA COUNTY, ALABAMA
ELIZABETH HAMNER, CLERK

**IN THE SMALL CLAIMS COURT OF TUSCALOOSA C...**

| | | |
|---|---|---|
| DARYL SPENCER, | } | |
| PLAINTIFF, | } | |
| | } | |
| vs. | } | **CASE NO.:** |
| | } | |
| ACCOUNTS RECEIVABLE | } | |
| MANAGEMENT, INC. | } | |
| | } | |
| DEFENDANT. | } | |
| | } | |

## COMPLAINT

*Jurisdiction*

1. The Plaintiff resides in Tuscaloosa County, Alabama.

2. The Defendant conducted business in Tuscaloosa County, Alabama.

3. This action is brought pursuant to the Fair Debt Collection Practices Act, 15 USC §§ 1692, *et seq* (hereinafter referred to as the "FDCPA").

4. The FDCPA provides for jurisdiction in United States District Courts and any other court of competent jurisdiction.

5. The conduct complained of herein occurred in the county in which this Complaint was filed.

*Parties*

6. The Plaintiff is a consumer as defined in the FDCPA. The terms Plaintiff and consumer are used interchangeably herein.

7. The Defendant is a debt collector as defined in 15 U.S.C. § 1692a(6).

8. The Defendant is a collection agency as defined in Alabama Code §§ 40-12-1, *et seq.*

*General Averments*

9.    Alabama Code § 40-12-2(a) provides that:

> Before any person, firm, or corporation shall engage in or carry on
>
> any business or do any act for which a license by law is required, he,
>
> they, or it, except as otherwise provided, shall pay to the judge of
>
> probate of the county in which it is proposed to engage in or carry on
>
> such business or do such act, or to the commissioner of licenses or the
>
> state Department of Revenue, as specified, the amount required for
>
> such license and shall comply with all the other requirements of this
>
> title.

10.    Alabama Code § 40-12-9(a) provides that:

> It shall be unlawful for any person, firm, or corporation to engage in
>
> or carry on any business, or do any act for which a license is required
>
> now or may hereafter be by law, without having first paid for and
>
> taken out a license therefor in the manner in this title provided. Any
>
> person who is convicted of failing to take out and pay for the license
>
> required shall be fined not less than the amounts of all licenses
>
> required of him and, if convicted for refusing to take out the license
>
> shall, on conviction, be fined not less than the amount of the state and
>
> county license due by him and not more than $100 in addition thereto,
>
> and may be sentenced to hard labor for the county for not more than
>
> six months, all fines to be paid in money; and, when collected, two
>
> thirds shall be paid to the state and one third to the county.

11.   Alabama Code § 40-12-18 provides that:

> Any person who acts as agent for any person, firm, or corporation liable for the payment of a license or privilege tax, without said license or privilege tax having been paid, shall on conviction be fined in a sum equal to the state and county license, and not more than $100 in addition thereto, and may also be sentenced to hard labor for the county for not more than six months.

12.   Alabama Code § 40-12-27 provides that:

> If the law annexes a penalty for each or every violation of its provisions, or for each separate offense, it shall be lawful to hold that each day's continuance in the exercise of any business, employment, or profession, for which a license is required, constitutes a separate offense.

13.   Alabama Code § 40-12-40 provides that:

> Every person, firm, company, corporation or association, receiver or trustee, but not a governmental subdivision, engaged in any business, vocation, occupation, calling, or profession herein enumerated or who shall exercise any privilege hereinafter described for which a license or privilege tax is required shall first procure a state license, and a county license when so required, and shall pay for the same or shall pay for the exercise of such privilege the amounts hereinafter provided, and comply with all other provisions of this title.

14.   Alabama Code § 40-12-80 provides that:

Each collection agency shall pay the following license tax: In towns and cities of 20,000 or more inhabitants, $100; in towns and cities of less than 20,000 inhabitants, $25. Each person who shall employ agents to solicit claims for collection from persons, firms, or corporations in the state shall be deemed a collection agency within the meaning of this section. This section shall not apply to any person who is excluded from the definition of the term "debt collector" under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6).

15. The Defendant communicated and /or attempted to communicate with Plaintiff.

16. The Defendant collected and /or attempted to collect a debt from Plaintiff.

17. The Defendant failed to procure a license and/or failed to pay the license tax required under Alabama law.

18. The Defendant collected a debt and/or attempted to collect a debt from Plaintiff without first procuring a license and/or failed to pay the license tax required under Alabama law.

19. The Defendant's conduct complained of herein was frequent and/or persistent and/or intentional.

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

20. The FDCPA prohibits a debt collector from communicating with a consumer[1] in connection with any debt – at any unusual time or place, unless the consumer has consented to the communication or a court has so ordered. 15 U.S.C. §

---

[1] For the purpose of this paragraph, the term "consumer" is any natural person obligated or allegedly obligated to pay a debt, 15 U.S.C. § 1692a(3), including the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator. 15 U.S.C. § 1692c(d).

1692c(a)(1).

21. Each and every communication with the consumer without first acquiring a license and/or paying a license tax required by Alabama law was at an usual time and/or an usual place in that no communication should have been made at all without first acquiring said license and paying said tax.

22. The Plaintiff, who is a consumer, did not consent to said communication.

23. No court has ordered said communication.

24. The FDCPA prohibits a debt collector from communicating with a consumer[2] in connection with any debt — at a time or place known or which should be known to be inconvenient to the consumer, unless the consumer has consented to the communication or a court has so ordered. 15 U.S.C. § 1692c(a)(1).

25. Each and every communication with the consumer without first acquiring a license and/or paying a license tax required by Alabama law was at an inconvenient time and/or an inconvenient place in that no communication should have been made at all without first acquiring said license and paying said tax.

26. The Plaintiff, who is a consumer, did not consent to said communication.

27. No court has ordered said communication.

28. The FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

29. Each and every communication with the Plaintiff without first acquiring a license

---

[2] For the purpose of this paragraph, the term "consumer" is any natural person obligated or allegedly obligated to pay a debt, 15 U.S.C. § 1692a(3), including the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator. 15 U.S.C. § 1692c(d).

and/or paying a license tax required by Alabama law harassed and/or oppressed and/or abused a person, namely the Plaintiff, in that in that no communication should have been made at all without first acquiring said license and paying said tax.

30.    The FDCPA prohibits a debt collector from using criminal means or threatening the use of criminal means to harm the physical person, reputation, or property of any person.  15 U.S.C. § 1692d(l).

31.    Each and every time the Defendant carried on any business and /or did any act without first acquiring a license and paying the license tax it was a crime punishable by fines and "hard labor ... for the county."  Ala. Code § 40-12-9(a). The carrying on of business was a criminal means for the purposes of the FDCPA. Each and every act of the Defendant within the jurisdiction was a criminal means for the purposes of the FDCPA.

32.    The Defendant threatened to harm the Plaintiff's reputation by making an adverse report to credit reporting agencies and /or the Defendant threatened to harm the Plaintiff's property by taking Plaintiff's money without first acquiring a license and paying the license tax as required under Alabama law.

33.    To attempt to collect a debt without first acquiring a license and paying the license tax as required under Alabama law is a criminal means.

34.    The FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

35.    While attempting to collect a debt and/or while collecting a debt, the Defendant

communicated that it was a debt collector when, in fact, it had not first acquired a license and paid the license tax required under Alabama law to be a collection agency/debt collector.

36. The FDCPA prohibits a debt collector from representing or even implying that it is vouched for, bonded by, or affiliated with the United States or any State and a debt collector cannot use any badge or uniform of the United States or any state. 15 U.S.C. § 1692e(1).

37. The Defendant implied that it was vouched for (to the extent that licensing is vouching) by the State of Alabama when, in fact, it was not.

38. The FDCPA prohibits a debt collector from the false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. 15 U.S.C. § 1692e(2)(B).

39. The Defendant falsely represented that it was providing the service of debt collection when it has not first acquired a license and/or paid the license fee required to be a collection agency/debt collector under Alabama law.

40. The FDCPA prohibits a debt collector from threatening any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

41. The Defendant threatened to collect a debt when the act of collecting a debt could not legally be taken. It was not a legal action for the Defendant to act as a collection agency/debt collector without first acquiring a license and paying a license tax as required by Alabama law.

42. The FDCPA prohibits a debt collector from using or distributing any written communication which simulates or falsely represents a document authorized,

issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization or approval. 15 U.S.C. § 1692e(9).

43.    The Defendant used and/or communicated a written communication which falsely represented it was authorized and/or approved by the State of Alabama to the extend that licensing authorizes and/or approves a business to operate within its jurisdictional boundaries when it did not first acquire a license and pay a license tax as required by Alabama law.

44.    The FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

45.    While collecting a debt and/or attempting to collect a debt, the Defendant falsely represented that it was a collection agency/debt collector without first acquiring a license and paying the license tax required by Alabama law.

46.    While collecting a debt and/or attempting to collect a debt, the Defendant used the deceptive means of representing that it was a collection agency/debt collector without first acquiring a license and paying the license tax required by Alabama law.

47.    The FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

48.    Each and every act to collect a debt and/or to attempt to collect a debt without first acquiring a license and/or paying a license tax required by Alabama law was unfair.

49.    Each and every act to collect a debt and/or to attempt to collect a debt without first

acquiring a license and/or paying a license tax required by Alabama law was unconscionable.

50.    The debt collector's conduct was persistent and was a part of an on-going pattern and/or practice of repeated, wrongful conduct by the debt collector during and beyond the statute of limitations.

WHEREFORE, BASED ON THE FOREGOING, the Plaintiff demands judgment against each named Defendant, separately and severally:

A. Any actual damage sustained by the Plaintiff;

B. Any additional damages as the court may allow, but not exceeding $1,000. 15 U.S.C. § 1692k(2)(A);

C. The costs of the action, together with a reasonable attorney's fee as determined by the court.

Done this  1st   day of  February , 2010.

Respectfully Submitted,

*/s/ Meredith L. Phillips*

Blankenship, Harrelson & Linton, LLC
2001 Park Place North, STE 825
Birmingham, AL 35203
Phone: (205)912-8241
Facsimile: (205)912-8253
Email: meredith.phillips@bhlattorneys.com

*/s/ Christopher S. Linton*

Blankenship, Harrelson & Linton, LLC
2001 Park Place North, STE 825
Birmingham, AL 35203
Phone: (205)912-8241
Facsimile: (205)912-8253
Email: chris.linton@bhlattorneys.com

*/s/ Brandon L. Blankenship*

Blankenship, Harrelson & Linton, LLC
2001 Park Place North, STE 825
Birmingham, AL 35203
Phone: (205)912-8241
Facsimile: (205)912-8253
Email: brandon.blankenship@bhlattorneys.com

| State of Alabama<br>Unified Judicial System<br>Form SM-7   Rev. 6/07 | SMALL CLAIMS<br>SUMMONS | Case Number:<br>63-SM-2010-900104.00 |
|---|---|---|

| IN THE SMALL CLAIMS COURT OF | TUSCALOOSA | , ALABAMA |
|---|---|---|

*(Name of County)*

## DARYL SPENCER v. ACCOUNTS RECEIVABLE MANAGEMENT, INC.

| Plaintiff | Defendant |
|---|---|

| Plaintiff's<br>Home Address<br><br>DARYL SPENCER<br><br>15049 FAIRHAVEN DRIVE<br>FOSTERS, AL 35463 | Defendant's<br>Home Address<br><br>ACCOUNTS RECEIVABLE MANAGEMENT, INC.<br><br>C/O THE CORPORATION CO.<br>2000 INTERSATE PARK DRIVE, STE 204<br>MONTGOMERY, AL 36109 |
|---|---|

Plaintiff's Attorney's
Address

MEREDITH LACKEY PHILLIPS MRS.

2001 PARK PLACE N., STE. 825
BIRMINGHAM, AL 35203

**TO THE ABOVE NAMED DEFENDANT:**

The Statement of Claim (Complaint) which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written answer either admitting or denying each allegation in the Statement of Claim (Complaint) to the plaintiff's attorney(s) shown above or in the attached document. Fill out the enclosed answer form and deliver or mail it to the court clerk.

This answer must be mailed or delivered within 14 days after this summons and Statement of Claim (Complaint) were delivered to you or a judgment by default may be entered against you for the money or other things demanded in the Statement of Claim (Complaint). You must also file the original of your answer with the clerk of this court.

**INSTRUCTIONS TO SHERIFF OR PROCESS SERVER**

☐ To any sheriff or any person authorized by Rule 4 of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the Statement of Claim (Complaint) in this action upon defendant(s).

☑ This service by certified mail of this summons is initiated upon the written request of  DARYL SPENCER
This service by certified mail of this summons is initiated upon the

2/1/2010 12:47:16 PM
_____
Date

/s ELIZABETH HAMNER
_____
Clerk
**Clerk Address:**
POST OFFICE BOX 2883
TUSCALOOSA, AL 35403

**RETURN ON SERVICE:**

☐ Certified mail return receipt in this office on (Date) _____(Return Receipt hereto attached)

☐ I certify that I personally delivered a copy of the summons and Statement of Claim (Complaint) to _____

in _____, Alabama on (Date) _____
*(Name of County)*

_____
Date

_____
Server Signature

_____
Server Address

_____
Title of Process Server

_____
Server's Telephone Number

_____
Server Email

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X The Corporation Company    ☐ Agent   ☐ Addressee <br> B. Received by *(Printed Name)*    C. Date of Delivery <br> The Corporation Company   2/3/10 |
| 1. Article Addressed to: <br><br> ACCOUNTS Recievable Mgmt CERC <br> C/o Corporation Co <br> 2000 Clnte, State PKWY Ste 204 <br> Montgomery, AL 36109 <br><br> SM10  900104 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br> 3. Service Type <br> ☒ Certified Mail   ☐ Express Mail <br> ☐ Registered   ☒ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. <br> 4. Restricted Delivery? *(Extra Fee)*    ☐ Yes |
| 2. Article Number <br> *(Transfer from service la*    7009 1680 0000 0845 9470 | |

PS Form 3811, February 2004    Domestic Return Receipt      102595-02-M-1540



**AlaFile E-Notice**

63-SM-2010-900104.00

Judge: GUIN/CHANDLER

To: PHILLIPS MEREDITH LACKEY
meredith.phillips@bhlattorneys.com

# NOTICE OF SERVICE

IN THE SMALL CLAIMS COURT OF TUSCALOOSA COUNTY, ALABAMA

DARYL SPENCER V. ACCOUNTS RECEIVABLE MANAGEMENT, INC.
63-SM-2010-900104.00

The following matter was served on 2/3/2010

D001 ACCOUNTS RECEIVABLE MANAGEMENT, INC.
CERTIFIED MAIL

ELIZABETH HAMNER
DISTRICT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
POST OFFICE BOX 2883
TUSCALOOSA, AL 35403

205-349-3870
libby.hamner@alacourt.gov



**AlaFile E-Notice**

63-SM-2010-900104.00
Judge: GUIN/CHANDLER

To: BLANKENSHIP BRANDON LEE
brandon.blankenship@bhlattorneys.com

# NOTICE OF SERVICE

IN THE SMALL CLAIMS COURT OF TUSCALOOSA COUNTY, ALABAMA

DARYL SPENCER V. ACCOUNTS RECEIVABLE MANAGEMENT, INC.
63-SM-2010-900104.00

The following matter was served on 2/3/2010

D001 ACCOUNTS RECEIVABLE MANAGEMENT, INC.
CERTIFIED MAIL

ELIZABETH HAMNER
DISTRICT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
POST OFFICE BOX 2883
TUSCALOOSA, AL 35403

205-349-3870
libby.hamner@alacourt.gov



**AlaFile E-Notice**

63-SM-2010-900104.00
Judge: GUIN/CHANDLER

To: LINTON CHRISTOPHER SHAWN
chris.linton@bhlattorneys.com

---

# NOTICE OF SERVICE

---

### IN THE SMALL CLAIMS COURT OF TUSCALOOSA COUNTY, ALABAMA

### DARYL SPENCER V. ACCOUNTS RECEIVABLE MANAGEMENT, INC.
### 63-SM-2010-900104.00

The following matter was served on 2/3/2010

**D001 ACCOUNTS RECEIVABLE MANAGEMENT, INC.**
**CERTIFIED MAIL**

ELIZABETH HAMNER
DISTRICT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
POST OFFICE BOX 2883
TUSCALOOSA, AL 35403

205-349-3870
libby.hamner@alacourt.gov